IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CV-809-FL

| | |
|---|---|
| PACIFIC AG GROUP and ALLIANCE FARM GROUP, INC., ) ) ) Plaintiffs, ) ) v. ) ) H. GHESQUIERE FARMS, INC.; ) GHESQUIERE PLANT FARMS ) LIMITED; and STRAWBERRY ) HILLS, INC., ) ) Defendants. ) | ORDER |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 59), recommending the court deny the motions for summary judgment filed by plaintiffs (DE # 39, corrected as to signature at DE # 43) and defendants (DE # 37). Both sides have filed objections to the M&R, and the matter is ripe for decision. Except as otherwise noted, the court adopts the M&R as its own, and denies the motions for summary judgment. Accordingly, this case shall proceed to trial.

Also before the court is defendants' motion in limine as to parol evidence (DE # 67), filed August 1, 2007. Defendants argue therein that the Settlement Agreement and Addendum are unambiguous, and therefore the court cannot and should not entertain parol evidence of the parties' intent in entering these contracts, or of possible additional terms governing the contractual relationship. The court heard argument on the motion at the final pretrial conference, and took it under advisement. Because the court holds on the motions for summary judgment that the contracts

are ambiguous, the motion in limine is denied.

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. See 28 U.S.C. § 636(b); Local Civil Rule 72.4(b), EDNC. Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court adopts defendants' undisputed first objection, and notes defendant Strawberry Hill, Inc. was dissolved by corporate action, not administrative action. The court also adopts defendants' undisputed third objection, and notes that defendants sought summary judgment in their favor on all of plaintiffs' claims. The court also adopts defendants' undisputed fourth objection, and notes Sances did not accurately quote the Settlement Agreement in the March 17, 2005 letter to Ghesquiere.

The court declines to adopt the other objections made by the parties, which are all contested, because of the ultimate determination, after review of the evidence, that key issues of material fact preclude entry of summary judgment. In so ruling, the court does not engage in factfinding that is binding at trial. On motions for summary judgment, the court does not find facts; it instead reviews the evidence presented to determine if relevant disputes preclude entry of judgment. While Fed. R. Civ. P. 56(d) does authorize the determination of certain facts, which would be binding at trial, the court has not engaged in such a process on the instant motions, except as noted below.

The court has reviewed the Settlement Agreement and Addendum, and concurs with the magistrate judge's conclusion that several ambiguities preclude entry of summary judgment. The first such ambiguity is whether the contracts allow for or preclude plaintiffs' claim for consequential damages arising from the 2004 shipments. The contracts do not on their faces address the issue, and they do not contain integration or merger clauses, nor other indication that they are fully integrated. Accordingly, the parties may present parol evidence in an attempt to establish or extinguish the claim to these damages. See Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518, 525-26 (E.D.N.C. 1985). Second, ambiguity exists as to the proper construction of the term "ceases," as it relates to the 2005 and 2006 seasons, and the court will also entertain parol evidence as the parties' intent vis-à-vis this term. Additionally, the court notes ambiguity as to whether the Settlement Agreement and Addendum contemplated any need for additional writing(s) to bind the parties for the sale of a particular number of strawberry runner tips in the years covered by the contracts. (See M&R at 17.)

Because ambiguities appear to exist in the Settlement Agreement and Addendum, defendant's motion in limine as to parol evidence must be denied. This evidence is appropriately considered where a contract is ambiguous, and both parties can use the evidence to establish their position as to the parties' intent in forming the contracts, or to establish the existence of consistent additional terms. See Smith, 604 F. Supp. at 524. Furthermore, the district court is fully able to assign the proper weight to the evidence presented, and the introduction of parol evidence does not necessarily place either side in jeopardy of losing on the ultimate issues. C.f. Schultz v. Butcher, 24 F.3d 626, 631-32 (4th Cir. 1994) (holding evidence should not be excluded under Fed. R. Evid. 403 on the ground that it is unduly prejudicial, in bench trial, because trial judge can properly weigh

evidence); see also Nat'l R.R. Passenger Corp. v. Catalina Enterprises, Inc. Pension Trust, 147 Fed. Appx. 378, 384-85 (4th Cir. 2005) (Widener., J., dissenting) (discussing generally the broader admissibility of evidence in bench trials).

CONCLUSION

After careful consideration, the court adopts the memorandum and recommendation of Magistrate Judge Gates as its own, and for the reasons stated therein, except as modified by this order, plaintiffs' motion for summary judgment (DE # 39, corrected as to signature at DE # 43) and defendant's motion for summary judgment (DE # 37) are hereby DENIED. Additionally, defendant's motion in limine as to parol evidence (DE # 67) is hereby DENIED.

SO ORDERED, this the 21st day of August, 2007.

    /s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Judge